UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEDHAT W. YOUSSEF, | ) | 1:15CV2150 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| MICHELLE MILLER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM |
| | ) | AND ORDER |

McHARGH, MAG. JUDGE

The petitioner Medhat W. Youssef ("Youssef") has filed a petition pro se for a writ of habeas corpus, arising out of his 2014 convictions for felonious assault, domestic violence, rape, and kidnapping, in the Cuyahoga County (Ohio) Court of Common Pleas. In his petition, Youssef raises five grounds for relief:

> 1. [Petitioner][1] was denied a fair trial by numerous and improper statements/ insinuations by the prosecution concerning his culture, ethnicity, and religion; which individually and cumulatively constituted prosecutorial misconduct; violating [petitioner's] due process and equal protection of the laws pursuant to Ohio Const. Art I, Sect. 10, United States Constitutional Amendments 5, 14.
>
> 2. Trial court erred to the prejudice of the [petitioner] by allowing unauthenticated medical records into evidence in violation of Ohio Rule of Evidence 803(6); Ohio Const. Art I, Sect. 10; United States Const. Amend[s]. 5, 14.

---

[1] Youssef uses the term "Appellant." The court will substitute the more appropriate term, "petitioner."

3. [Petitioner] was materially prejudiced by misrepresentations by the state concerning whether he had transmitted venereal disease(s) to the victim, as well as by misrepresentations by the state concerning the victims medical records. These repeated misrepresentations were made to the court in arguing the admissibility of medical records, in demonstrative exhibits, and in closing argument. Violating [petitioner's] Ohio Const. Art I, Sect. 10; United States Const. Amend[s]. 5, 14.

4. The trial court did not ensure compliance with its own orders assigning an interpreter to the [petitioner] by failing to use an Ohio Supreme Court certified interpreter. In violation of Sup.R. 88(d); Ohio Const. Art I, Sect. 10; United States Const. Amend[s]. 5, 14.

5. [Petitioner] was denied a fair trial by the ineffective assistance of trial counsel in violation of his <u>Sixth Amendment rights protected by the US Constitution</u>.

(Doc. 1, § 12.)

Currently before the court is Youssef's motion for "appointment of federal public defender and Coptic Egyptian translator of American to Coptic Egyptian." In particular, Youssef seeks the appointment of Alfy Samaan, "unknown if attorney at Law and translator or translator." (Doc. 8, at 1.)

There is no constitutional or statutory right to counsel in habeas proceedings, except for those prisoners under a capital sentence. Morris v. Dormire, 217 F.3d 556, 558 (8th Cir.), cert. denied, 531 U.S. 984 (2000) (citing 28 U.S.C. § 2261). See also Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003) (citing McCleskey v. Zant, 499 U.S. 467, 495 (1987)); McKethan v. Mantello, 292 F.3d 119, 123 (2d Cir. 2002); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

A district court may appoint counsel for a habeas petitioner when "the interests of justice so require." Hoggard, 29 F.3d at 471 (citing 18 U.S.C.A. § 3006A(a)(2)). The decision whether to appoint counsel is left to the sound discretion of the district court. Morris, 217 F.3d at 558-559. The appointment of counsel is discretionary when it has been determined that no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471; Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992). Federal courts have not developed a uniform approach to motions for appointment of counsel.

In McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), the Eighth Circuit suggested "several factors to guide a district court when it evaluates whether a petitioner needs court appointed counsel. These include the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." See also Hoggard, 29 F.3d at 471 (same). In Sellers v. United States, the district court considered "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." Sellers v. United States, 316 F.Supp.2d 516, 522 (E.D. Mich. 2004).

At trial, both the victim and the defendant (petitioner here) required interpreters. It was determined that there was but a single Arabic translator in the state who had been certified by the Supreme Court of Ohio. State v. Youssef, No.

101362, 2015 WL 929816, at *8 (Ohio Ct. App. Mar. 5, 2015). Thus, the court relied on "language skilled" interpreters. Id.

On the other hand, Youssef filed a petition for habeas corpus in this court, and the petition appears to indicate either that Youssef has some working knowledge of English, or that he had access to someone to assist him in drafting the petition.

There is no right to a translator or interpreter for habeas petitioners. The court is unable to find authority for such a right, and Youssef provides none. The majority of pro se petitioners are not well-versed in the legal process, whether or not they have deficiencies in their command of the English language. The state department of corrections is under no duty to provide access to legal materials in a prisoner's preferred language. See, e.g., Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008). See generally Torres v. Davis, No. 09-1408, 2011 WL 1042189, at *3 (6th Cir. Mar. 22, 2011) (inability to speak, write or understand English does not provide cause for failing to know about legal requirements for filing, quoting Cobas, 306 F.3d at 444.) But see Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir. 2011), cert. denied, 132 S.Ct. 2430 (2012) (inability to read or understand English, combined with denial of access to translation, can support extraordinary circumstances for equitable tolling). In addition, the practical and logistical considerations of providing a translator for an incarcerated inmate to conduct legal research are prohibitive.

The court has reviewed the record, and the grounds of Youssef's petition. The court has considered the factors discussed in McCall and Sellers. The motion for appointment of counsel and a translator (doc. 8) is granted, in part.

The court will provisionally appoint counsel from the Federal Public Defender's office at this juncture, for the limited purpose of evaluating the viability of the merits of Youssef's claims, particularly Ground Four. Appointed counsel should evaluate the factors that would weigh on whether appointment of counsel is warranted. Counsel should report back to the court within four weeks of the date of this Order.

The motion for appointment of counsel (doc. 8) is GRANTED in part, and denied in part, as set forth above.

IT IS SO ORDERED.

Dated:  Aug. 11, 2016                             /s/ Kenneth S. McHargh
                                                 Kenneth S. McHargh
                                                 United States Magistrate Judge