# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Medhat Youssef, | ) | CASE NO. 1:15CV2150 |
| | ) | |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Michelle Miller, Warden, | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |
| | ) | |

This action is before the Court upon objections filed by Petitioner Medhat Youssef, asserting error in the Report and Recommendation ("the R&R") of the Magistrate Judge. The Court ADOPTS the R&R (Doc. 26) in its entirety. The Petition is hereby DENIED, and this matter is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

> However, the district court need not provide de novo review where the objections are "[f]rivolous, conclusive or general." *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.1982). The parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. at 410 (footnote omitted); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir.1983), *cert. denied*, 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

In the R&R, the Magistrate Judge concluded that Youssef had procedurally defaulted several of his grounds for relief. In his objections, Youssef contends the state appellate court addressed his claimed errors through the use of the plain error standard and therefore they should not be procedurally defaulted. However, the Sixth Circuit "has held that a state court's plain error analysis does not save a petitioner from procedural default. *See Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir.2000). Plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits." *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006). As such, Youssef's first contention lacks merit.

In his second objection, Youssef contends that the R&R erred in its analysis of his ineffective assistance of counsel claim. The totality of Youssef's substantive objection to the R&R is as follows: "The R&R considered counsel's performance adequate under the *Strickland* test first prong. The fact the R&R claims the Petitioner attacks sound trial strategy is simply not true. A review of the record demonstrates the alleged trial strategy is belied by the trial record and this Court must find the R&R incorrectly determined counsel was not effective. Doc. 31 at 5 (sic throughout). Youssef's objection is precisely the general and conclusive objection that the Sixth Circuit has found impermissible. It does not identify any portion of the R&R that erred. Instead, it generically claims error. The R&R devotes nearly five pages of argument in addressing Youssef's final claim and reviews both the *Strickland* standard and the AEDPA standard of review. Youssef has identified no error in that review, and this Court's independent review of that analysis has revealed no error. Accordingly, Youssef's second and final objection also lacks merit.

Youssef's objections are overruled. The R&R is adopted, the petition is hereby DENIED, and this matter is hereby DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that an appeal from this decision could not be taken in good faith. There is no basis on which to

issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.


February 14, 2018                    /s/ John R. Adams_____
                                     JUDGE JOHN R. ADAMS
                                     UNITED STATES DISTRICT COURT